UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NARCISA DE JESUS YUGLA ALOMALIZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Timothy S. ROBBINS, Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs enforcement; Todd M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Kristi NOEM, Secretary of the U.S. Department of Homeland Security, Christopher CHESTNUT, Warden, California City Corrections Center, and Pamela BONDI, Attorney General of the United States,<br><br>　　　　Respondents. | No. 1:25-cv-01735 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER</u> |

----oo0oo----

Before the court is petitioner Narcisa De Jesus Yugla Alomaliza's motion for a temporary restraining order, in which

1

petitioner asks the court to order her immediate release from custody on the grounds that her detention violates the procedural protections conferred by the Due Process Clause.  (Docket No. 2 at 2, 14.)

Petitioner alleges that she and her family arrived in the United States on March 29, 2024, and that she was subsequently detained by federal agents and released the following day on parole.  (Id. at 2-3.)  Her parole was conditioned on, among other things, taking and submitting photos of herself every month to Immigration & Customs Enforcement ("ICE").  (Id. at 4.)  After violating this requirement on two occasions (August 2024 and October 2025), on November 1, 2025, petitioner was arrested at her home in San Mateo, California, for those parole violations. (Id. at 5.)

"The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

2

         Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted." Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted).  A mere possibility of success is insufficient to meet this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

         Petitioner argues that her detention violates due process because she was detained without a hearing.  Neither party addresses whether petitioner was denied substantive due process; the sole issue is whether petitioner was denied procedural due process.  Petitioner is seemingly unable to identify the statute under which she was detained on November 1, 2025, in part because she "did not look at" her warrant for arrest (Docket No. 2-2 at 4).  Particularly, nowhere in her petition does she suggest that 8 U.S.C. § 1226 applies to her detention, but rather appears to concede that 8 U.S.C. § 1225(b)(1) or (b)(2) apply. (See Docket No. 2 at 10).

         Petitioner has failed to establish that she is likely to succeed on the merits of her procedural due process claim.  Acccording to the petition, she has been on parole in the United States pending determination of her admissibility, and she has not effected an "entry" into the United States.  See, e.g., Leng May Ma v. Barber, 357 U.S. 185, 188-90 (1958) (finding noncitizen "paroled" into United States pending admissibility determination had not "entered" United States); Dep't of Homeland Sec. v.

3

Thuraissigiam, 591 U.S. 103, 139 (2020) ("[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." (citation modified)); Barrera-Echavarria v. Rison, 44 F.3d 1441, 1450 (9th Cir. 1995) ("Although aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country." (citation modified)).

Accordingly, "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy, 345 U.S. at 212; see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same). And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one. Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

Because petitioner has failed to demonstrate a strong likelihood of success on the merits of her due process claim, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same

4

hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred back to the assigned magistrate judge for further proceedings.[1]

Dated: December 5, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court sees no need to call for a response from the government to petitioner's motion inasmuch as counsel's arguments are substantially identical to those he raised in another recent case, in which after considering the briefs and hearing oral argument from both sides, the court denied his motion for a temporary restraining order. (See Motion for Temporary Restraining Order, De La Cruz Bejarano v. Robbins et al., No. 1:25-cv-01537 WBS CKD (E.D. Cal. Nov. 11, 2025), Dkt. No. 2.) Accordingly, pursuant to Local Rule 230(g), the court takes the motion under consideration without oral argument.