UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NARCISA DE JESUS YUGLA ALOMALIZA,

                Petitioner,

    v.

Timothy S. ROBBINS, Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs enforcement; Todd M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Kristi NOEM, Secretary of the U.S. Department of Homeland Security, Christopher CHESTNUT, Warden, California City Corrections Center, and Pamela BONDI, Attorney General of the United States,

                Respondents.

No. 1:25-cv-01735 WBS CKD

MEMORANDUM AND ORDER

----oo0oo----

Narcisa de Jesus Yugla Alomaliza, a native and citizen of Ecuador who is being detained in this district by ICE, has

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court. On March 27, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted. (See generally Docket No. 18.) On April 3, 2026, respondents filed objections to the findings and recommendations (Docket No. 19), which petitioner responded to on April 10, 2026 (Docket No. 20).

The same day petitioner filed her petition for a writ of habeas corpus, she filed a motion for temporary restraining order (Docket No. 2), which this court denied the next day (Docket No. 6). For the reasons set forth in its order denying petitioner's motion for temporary restraining order (Docket No. 6), the court declines to adopt the Magistrate Judge's recommendations. The court is not persuaded to revise its prior determination that petitioner's detention is governed by 8 U.S.C. § 1225, not 8 U.S.C. § 1226. To the contrary, as of this date, the only appellate courts to have considered that issue have reached the same result as this court has, namely, that 8 U.S.C. § 1225 governs. See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026); Avila v. Bondi, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Having established that 8 U.S.C. § 1225 applies to petitioner, the court once more concludes that "the procedure authorized by Congress" in that statute constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy v.

2

United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).

And the procedure laid out in 8 U.S.C. § 1225(b)(1)(B)(ii) is clear:  it provides that a non-citizen "shall be detained [pending] further consideration of [her] application for asylum."  (emphasis added).  Petitioner, who filed an application for asylum that is currently pending, falls squarely within 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention provision.  (See Docket No. 1 at 2, 6.)

IT IS THEREFORE ORDERED that petitioner's petition for habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

Dated:  April 20, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3